# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2990

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Stanley M. Mattix, | * | |
| | * | TO BE PUBLISHED |
| Defendant - Appellant. | * | |

———————

Submitted: April 12, 2005
Filed: April 20, 2005

———————

Before MURPHY, BRIGHT, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Stanley M. Mattix was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and making false statements to acquire a firearm, in violation of 18 U.S.C. §922(a)(6). He absconded from pretrial supervision but was arrested outside the jurisdiction on an unrelated state charge. He then pled guilty to both counts of the indictment.

At sentencing the district court[1] treated the guidelines as advisory. The court calculated Mattix's base offense level for each offense to be 14 and added a two level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, resulting in a total offense level of 16. Mattix had a criminal history category of IV, and the advisory sentencing range for each offense was 33 to 41 months. The court decided to impose concurrent sentences of 38 months. Mattix appeals.

Mattix argues that his Sixth Amendment rights were violated because a jury should have decided beyond a reasonable doubt whether he obstructed justice, citing Blakely v. Washington, 124 S. Ct. 2531 (2004). In a motion for supplemental briefing, he argues that he should be resentenced under a truly advisory system with the guidance provided by United States v. Booker, 125 S. Ct. 738 (2005), and that information about his prior convictions should have been submitted to a jury under a reasonable doubt standard, citing Shepard v. United States, 125 S. Ct. 1254 (2005).

There was no error in this case because the district court recognized that the guidelines were advisory and considered the facts and circumstances of the case as Booker, 125 S. Ct. at 756, commands. Courts have long considered prior criminal history as a sentencing factor for the court rather than a fact issue for the jury, Almendarez-Torres v. United States, 523 U.S. 224, 243-44 (1998), and that principle has been reaffirmed most recently in Booker, 125 S. Ct. at 756; see also Blakely, 124 S. Ct. at 2536; Apprendi, 530 U.S. at 490, and it was not changed in Shepard.

After reviewing the record, we conclude that the sentence imposed was not unreasonable. See Booker, 125 S. Ct. at 765. Accordingly, we affirm the judgment of the district court.

_____

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.